LOVALO v. MICHIGAN STAMPING CO.

1. STATUTES—CONSTRUCTION.
   A meaning shall be given to all parts of a statute where possible.
2. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LOSS OF MORE THAN ONE FINGER—TOTAL DISABILITY.
   Where an employee, in the course of his employment, suffered a loss of the four fingers of his right hand and practically the whole of the palm, or fleshy part of the hand, leaving only the thumb, totally and permanently incapacitating him for work at the employment he was engaged in at the time of the accident, viz., operating a trolley punch press, an award by the industrial accident board for the loss of four fingers for 100 weeks, and if at the end of that time "he is totally disabled," the compensation to continue for 150 weeks, was proper, under section 10, part 2, of the act (section 5440, 2 Comp. Laws 1915), providing that "in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand," or one-half the average weekly wages of 150 weeks.

Certiorari to Industrial Accident Board. Submitted April 16, 1918. (Docket No. 98.) Decided June 3, 1918.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

Mike Lovalo presented his claim for compensation against the Michigan Stamping Company for injuries received in defendant's employ.   From an order awarding compensation, defendant and the Royal Indemnity Company, insurer, bring certiorari.   Affirmed.

*Frederick J. Ward*, for appellants.

*John Loree*, for appellee.

STEERE, J.   On July 6, 1916, plaintiff suffered an industrial accident while operating a trolley punch press for the Michigan Stamping Company which resulted in the loss of substantially all his right hand except the thumb, incapacitating him for work in the employment at which he was engaged at the time of the injury.   It is undisputed that the parties had come under the provisions of the workmen's compensation act and that plaintiff's injuries arose out of and in the course of his employment.

Plaintiff claimed compensation for total loss of his hand, to which defendant did not accede, contending his compensation was limited to that provided in the act for the loss of his four fingers.   He thereafter made and filed with the industrial accident board a claim for loss of his right hand under the provisions of the compensation act.   Upon hearing before a committee of arbitration he was awarded compensation for the loss of four fingers under the terms of section 10, part 2, of the act (2 Comp. Laws 1915, § 5440). Not satisfied with the award, he appealed to the full board, which, on review, modified the award by providing that the compensation awarded by the committee of arbitration for the loss of four fingers should continue for 100 weeks as specified, and if, at the end of the 100 weeks, "he is totally disabled from working in the employment in which he was working at the

time of the accident, he shall be paid compensation at the same rate during such total disability"; with a further provision for reduction of this amount in case his disability becomes partial.

The parties stipulated before the arbitration committee that for whatever time plaintiff was entitled to compensation it should be computed on the basis of 27.8 cents per hour and no question is raised by either as to the rate of $7.22 per week fixed by the arbitrators; the evident contention between the parties before the committee of arbitration and the full board on review being whether this stipulated weekly compensation should be continued during the time prescribed by the act for loss of four fingers, or for the loss of a hand.

On appeal to the full board, plaintiff claimed that he "is entitled to compensation for 150 weeks for loss of one hand instead of for 100 weeks, as found by the committee on arbitration." In this court his counsel say in their brief:

"Appellee contends that he should receive compensation for 150 weeks for the loss of the entire hand, or that the industrial accident board's order should be affirmed."

In an opinion made part of the return to the writ of certiorari herein, the board states the situation which the facts presented as follows:

"Applicant exhibited his hand to the committee of arbitration and was also present at the hearing on review before the full board, and the board inspected his hand and took measurements thereof and found that not only were all four fingers taken off as a result of the accident, but practically the whole of the palm or fleshy part of the hand was also removed. He still has the thumb, and technically it may be true that he has not lost the entire hand. He has lost so much of the hand, however, that when he bends his thumb over forward there is nothing it can reach. That portion of the palm of the hand which the thumb would nat-

urally touch when bent fully forward has been cut away. He has left only a very small portion of the thick portion of the hand below the wrist joint.

"As stated above, he may not technically have lost the entire hand within the meaning of section 10, of part 2, of the workmen's compensation act, but the board found from the testimony and a careful inspection and examination of the hand, that he has lost substantially the entire usefulness of the hand. The board cannot see that the thumb he has left is of much, if any, practical use to him as far as following any employment is concerned, and believes that for all practical purposes he has lost the entire hand."

Pointing out that with only the four fingers gone and the palm of the hand otherwise unimpaired the usefulness of that member as a hand, though diminished, would remain, since the thumb, in connection with the full palm, would have a grasping capacity and to a large degree serve the ordinary functions of a hand, it is stated that the question before the board is: "Should compensation be allowed to claimant for 150 weeks for the loss of a hand?" Finding that plaintiff is, under the facts shown, entitled to something more than for the bare loss of four fingers, the board concludes that "if not to compensation for the loss of a hand, then to compensation for disability, in case disability exists after the 100 weeks to be paid for the four fingers expires."

The undisputed testimony, visualized by a verified photograph returned as an exhibit in the case, fully sustains the board's findings of fact as to the physical result of the injury, showing the remaining extremity of claimant's right arm consists of the wrist with the thumb projecting from one side of it, and all the fingers, knuckles, palm and the four metacarpal bones forming its frame, or metacarpus structure, gone. Attached to one side of the wrist, with one less joint than the fingers, its functions specialized for apposition to other portions of the hand, the thumb, left by

itself becomes practically useless in manual employment.

In common terms the human hand consists of the palm, fingers and thumb, being in combination peculiarly adapted physiologically to the function of prehension, or grasping, which is their primary service, locomotion and support being of scant importance as contradistinguished from the lower order of animals. In that sense and for such uses plaintiff has lost his right hand.

In section 10, part 2, of the act, is set out a schedule providing compensation for loss of specified members, the disability resulting from which in each case "shall be deemed to have continued for the period specified, and the compensation so paid for such injury shall be as specified therein." Compensation is specified for the loss of a thumb and separately for the loss of each finger, aggregating 50 per cent. of the average weekly wages for 100 weeks, the loss of more than one phalange to be considered as the loss of the entire finger or thumb; with the proviso "That in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand"; or one-half the average weekly wages of 150 weeks.

If we should extend to the facts in this case the liberal construction provided in the schedule that loss of more than one phalange of a finger shall be considered the loss of the entire finger, then by analogy the loss of all the palm and all of the fingers of the hand could by greater impairment and a larger proportion of loss be reasonably considered the loss of the entire hand. If the claimed strict construction urged by defendants is accepted, in no case could the amount awarded for more than one finger exceed in the aggregate 100 weeks and the provision last quoted plainly recognizing a permissible increased discretion-

ary limit for the loss of more than one finger to 150 weeks, is meaningless. It is a cardinal rule of construction that a meaning shall be given to all parts of a statute where possible.

In the instant case the board found total disability and the undisputed evidence shows that by reason of his injury plaintiff is not only totally but permanently incapacitated for work at the employment he was engaged in at the time of the accident. In practical application to his case the result is the same whether he be awarded compensation for the loss of a hand as he claims, or for the totally disabling loss of all his fingers, taking with them the whole palm of the hand, awarded for 150 weeks under the proviso quoted, being for "more than one finger" and not exceeding "the amount provided in the schedule for the loss of a hand." The only indicated meaning or purpose of that proviso is to give the board discretionary power to extend the period of weekly compensation within the limit specified, and such we conclude was the fairly manifest legislative intent.

So construed and limited, the award of the industrial accident board is affirmed, with costs.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.