WEST v. POSTUM CO., INC.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ADDITIONAL COMPENSATION—LOSS OF HAND.

Where employee suffered accidental injury to his right hand, and was compensated for loss of four fingers, but thereafter evidence showed change of condition in stiffening and ankylosis of thumb, and that what is left of hand is totally useless, he was properly awarded additional compensation, making total of 150 weeks, compensating for loss of hand (2 Comp. Laws 1929, § 8426).

2. SAME—EVIDENCE—SUFFICIENCY.

Finding of department of labor and industry that employee's hand is entirely useless as result of accidental injury, *held*, sustained by evidence.

3. SAME—LOSS OF HAND.

Evidence that accidental injury resulted in loss of four fingers, stiffening and ankylosis of thumb, and rendered what is left of hand totally useless, justified finding that there was loss of hand.

Appeal from Department of Labor and Industry. Submitted October 18, 1932. (Docket No. 114, Calendar No. 36,668.) Decided December 6, 1932.

Floyd West presented a claim against Postum Company, Inc., employer, and Employer's Liability Assurance Corporation, insurer, for an accidental injury while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Affirmed.

*Ronald M. Ryan,* for plaintiff.

*Joseph W. McAuliffe,* for defendants.

As to what amounts to loss of member within the meaning of workmen's compensation acts, see annotation in 18 A. L. R. 1352.

CLARK, C. J. Plaintiff suffered an accidental personal injury to his right hand on November 30, 1929. A compensation agreement was entered into and approved providing for payment of compensation for the loss of the four fingers for the period of disability, 100 weeks, deemed to exist within the schedule of 2 Comp. Laws 1929, § 8426. This compensation has been paid. In the accident plaintiff received injury to the thumb.

On November 16, 1931, plaintiff filed petition for further compensation alleging change of condition in respect of the thumb and loss of the use of the hand. At the hearing plaintiff testified in support of the averments of his petition. He had testimony of stiffening and ankylosis of the thumb, and that what is left of the hand "is totally useless."

On appeal to the commission, department of labor and industry, the facts were found with plaintiff, and he was awarded compensation for 50 additional weeks, making a total of 150 weeks, the period of disability deemed to exist for loss of the hand under statute above cited. Defendant prosecutes appeal in the nature of certiorari. The commission, in legal effect, found change in condition, permitting consideration of petition for further compensation. This is supported in fact and is conclusive. *Peet* v. *City Bakery Co.*, 238 Mich. 431. The finding the hand entirely useless as a result of the accidental injuries is sustained by evidence, and therefore stands.

A question is whether there has been loss of the hand under the act. The commission relies on *Lovalo* v. *Michigan Stamping Co.*, 202 Mich. 85. In that case there was greater loss of the member in respect of the palm, but here there is a total loss of use. The holding in that case sustains decision

here.  See *Reno* v. *Holmes,* 238 Mich. 572; note 18 A. L. R. 1350.

No other question calls for discussion.

Affirmed.

McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.  NORTH, J., did not sit.