RENCH v. KALAMAZOO STOVE & FURNACE CO.

1. Workmen's Compensation—Total and Permanent Disability—
   Loss of Industrial Use of Both Hands—Finding Conclusive on
   Supreme Court.

   Finding by department of labor and industry that plaintiff was
   totally and permanently disabled because he had lost the indus-
   trial use of both hands, supported by evidence showing loss of
   both thumbs, first and second fingers of right hand at second
   joint, first, second and third fingers of left hand at middle
   joints and bad laceration of right third finger, being one of
   fact, is binding on Supreme Court (2 Comp. Laws 1929,
   §§ 8425, 8426, 8451).

2. Same—Loss of Industrial Use of Both Hands—Continuance
   of Compensation.

   Under section of workmen's compensation act providing that loss
   of both hands should constitute total and permanent disability
   to be compensated according to provisions of another section
   stipulating that while incapacity is total, the period covered is
   limited to 500 weeks from date of injury, an employee who has
   been found to have lost the industrial use of both hands is en-
   titled to order awarding compensation for total disability be-
   ginning as of date of injury and continuing until further order
   where it may be possible for him to acquire some industrial use
   of his hands and, if so, defendant should not be precluded from
   having such a future condition properly adjudicated (2 Comp.
   Laws 1929, §§ 8425, 8426).

Appeal from Department of Labor and Industry.
Submitted October 11, 1938. (Docket No. 105, Calen-
dar No. 40,114.) Decided November 10, 1938.

James Rench presented his claim against Kala-
mazoo Stove & Furnace Company for compensation

for injuries sustained in defendant's employ. Award to plaintiff. Defendant appeals. Modified and affirmed.

*Carney & Carney,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

Bushnell, J.   Plaintiff, while working as a punch press operator for defendant, suffered an injury which resulted in the loss of both of his thumbs and his first and second fingers of the right hand at the second joints, and his first, second and third fingers of the left hand at the middle joints.   Plaintiff's right third finger was badly lacerated.

The workmen's compensation act, 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160) provides that:

"In cases included by the following schedule the disability in each such case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, to-wit:

"For the loss of a thumb, sixty-six and two-thirds per centum of the average weekly wages during sixty weeks;

"For the loss of a first finger, commonly called index finger, sixty-six and two-thirds per centum of average weekly wages during thirty-five weeks;

"For the loss of a second finger, sixty-six and two-thirds per centum of average weekly wages during thirty weeks;

"For the loss of a third finger, sixty-six and two-thirds per centum of average weekly wages during twenty weeks;   *   *   *

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability, to be compensated according to the provisions of section nine."

The section nine referred to is 2 Comp. Laws 1929, § 8425 (Stat. Ann. § 17.159), which reads as follows:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to sixty-six and two-thirds per centum of his average weekly wages, but not more than eighteen dollars nor less than seven dollars a week; and in no case shall the period covered by such compensation be greater than five hundred weeks from the date of the injury, nor shall the total amount of all compensation exceed nine thousand dollars."

The deputy held that plaintiff was entitled to compensation at the rate of $18 per week for a specific period of 270 weeks from the date of his injury, that being the total period allowed in the statute covering the loss of two thumbs, two first fingers, two second fingers and one third finger.

Upon review, the department held that plaintiff had lost the industrial use of both his hands which rendered him totally and permanently disabled within the meaning of the act and awarded him compensation at the rate of $18 per week for 500 weeks.

Defendant concedes that plaintiff is entitled to some compensation but it does not agree that he is totally and permanently disabled within the meaning of section 8426 and contends that the computation of the deputy was proper and plaintiff should only receive compensation for 270 weeks.

Plaintiff testified that he could neither bathe, dress nor feed himself and that the only grip he had was with the use of his two little fingers. The doctor who attended plaintiff testified for defendant at the hearing a little over three months following the acci-

dent. He was asked whether or not plaintiff had "substantially fully recovered now" and he answered—

"No, I don't think he has fully; he hasn't as much use right now of his hand as he will have. It takes a number of months for a man to get his hand like that adjusted."

On cross-examination he stated that he had not examined plaintiff for about three weeks and that he could not find "a whole lot of grip" in either hand. He was asked:

"Where could there be very much grip?
"*A.* If you are going to go—I am not trying to exaggerate—but the swelling was out of the hand and he was beginning to bend it. If you mean grip —he hasn't got a hand he can grip with."

He was next asked, "The swelling is out now?" He answered:

"Yes, if he has any grip it will be over here (indicating). On his right hand, what little grip he has will be between the stub of the thumb and those two fingers.
"*Q.* The ring finger?
"*A.* Yes, third and fourth fingers. On the left hand it would be between the stub of that thumb and the little finger. There is not a whole lot of grip, but what I tried to say is the more he uses it, the more there will be developed; but right now I wouldn't say he had any grip.
"*Q.* At the time of the injury those fingers on the left hand were bruised and crushed?
"*A.* This finger was on the right hand—the ring finger. I don't think the two little fingers were injured at all."

The department's opinion and award thereon are based upon the loss of the industrial use of both hands.

The statute is silent as to "industrial loss" and speaks merely of the "loss of both hands." It is true that we said in *Krama* v. *Parker Rusr Proof Co.*, 279 Mich. 131:

"Loss of several fingers and a thumb, in one accident, is the total sum of periods of disability for the loss of fingers and a thumb separately. *King* v. *Davidson*, 195 Mich. 157; *Lovalo* v. *Michigan Stamping Co.*, 202 Mich. 85."

But this statement is not one of limitation and must be considered in the light of the *Lovalo Case, supra.* In that case the court considered an award where the department found:

" 'As stated above, he may not technically have lost the entire hand within the meaning of section 10, of part 2, of the workmen's compensation act, but the board * found from the testimony and a careful inspection and examination of the hand, that he has lost substantially the entire usefulness of the hand. The board * cannot see that the thumb he has left is of much, if any, practical use to him as far as following any employment is concerned, and believes that for all practical purposes he has lost the entire hand.' "

The court said:

"In the instant case the board * found total disability and the undisputed evidence shows that by reason of his injury plaintiff is not only totally but permanently incapacitated for work at the employ-

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).— REPORTER.

ment he was engaged in at the time of the accident. In practical application to his case the result is the same whether he be awarded compensation for the loss of a hand as he claims, or for the totally disabling loss of all his fingers, taking with them the whole palm of the hand, awarded for 150 weeks under the proviso quoted, being for 'more than one finger' and not exceeding 'the amount provided in the schedule for the loss of a hand.' The only indicated meaning or purpose of that proviso is to give the board * discretionary power to extend the period of weekly compensation within the limit specified, and such we conclude was the fairly manifest legislative intent.

"So construed and limited, the award of the industrial accident board * is affirmed, with costs."

This holding in the *Lovalo Case* made in 1918, was considered in *West* v. *Postum Co., Inc.*, 260 Mich. 545, decided in 1932. In the *West Case* plaintiff received compensation for a period of 100 weeks because of an approved settlement agreement covering the loss of four fingers. In the accident, on which the agreement was based, plaintiff also received an injury to his thumb. He later filed a petition for further compensation, alleging change of condition in respect to the thumb and the loss of the use of his hand. The department awarded compensation for 50 additional weeks, making a total of 150 weeks, the period of disability deemed to exist for the loss of the hand under the statute. The court said:

"The finding the hand entirely useless as a result of the accidental injuries is sustained by evidence, and therefore, stands.

"A question is whether there has been loss of the hand under the act. The commission relies on *Lovalo* v. *Michigan Stamping Co.*, 202 Mich. 85. In that case there was greater loss of the member in respect

* See footnote, *ante,* 318.

of the palm, but here there is a total loss of use. The holding in that case sustains decision here. See *Reno* v. *Holmes,* 238 Mich. 572; note 18 A. L. R. 1350.''

In addition to the statement in the *Krama Case, supra,* appellant directs our attention to our holdings in *Powers* v. *Motor Wheel Corp.,* 252 Mich. 639 (73 A. L. R. 702) (an eye case), and *Fanning* v. *W. E. Wood Co.,* 255 Mich. 618, and *Van Eps* v. *Sligh Furniture Co.,* 257 Mich. 112, (both finger cases). The eye case involved industrial loss of use but the finger cases did not.

It is argued that we should not permit recovery for the loss of industrial use of the hands in absence of definite legislative enactment. However, our holding of industrial loss of use is well established. See *Lovalo, Powers* and *West Cases, supra,* and also *Suggs* v. *Ternstedt Manfg. Co.,* 232 Mich. 599; also *Lindhout* v. *Brochu & Hass,* 255 Mich. 234.

As in the *Powers Case, supra,* the determination of the loss by plaintiff of the industrial use of his hands is one of fact and, there being testimony to support such a determination, the findings of the department are binding upon us.* We doubt, however, the correctness of the form of the department's award. It determined that compensation should be at the rate of $18 per week, beginning September 17, 1937, and *continuing for 500 weeks.* The statute, section 8426, says that the loss of both hands shall constitute total and permanent disability, to be compensated according to the provisions of section 9, that being section 8425, which provides that, *while* the incapacity is total, the period covered by such compensation shall not be greater than 500 weeks from the date of the injury. The proper form of

---

\* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—REPORTER.

the award should, therefore, be ''compensation at the rate of $18 per week, beginning September 17, 1937, and continuing until further order.'' It may be possibile that plaintiff can acquire some industrial use of his hands and, if so, defendant should not be precluded from having such a future condition properly adjudicated.

The order of the department is, therefore, modified and affirmed and the cause is remanded for entry of an order in conformity with this opinion. Costs to appellee.

SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. WIEST, C. J., concurred in the result. BUTZEL, J., did not sit.