Zimmerman, Bell and Williams, JJ.,
dissenting. The Workmen’s Compensation Act in terms commands a liberal construction thereof in favor of the injured workman. Numerous well reasoned cases construing workmen’s compensation acts can be found which hold that the loss of the use of a member is loss of the member.
See Northwestern Barb Wire Co. v. Industrial Commission, 353 Ill., 371, 187 N. E., 468; Calhoon v. Meridan Lumber Co., 180 La., 343, 156 So., 412; West v. Postum Co., Inc., 260 Mich., 545, 245 N. W., 561; Rench v. Kalamazoo Stove & Furnace Co., 286 Mich., 314, 282 N. W., 162.
We think the liberal construction commanded by the act requires the same result, as has been achieved in cases construing indemnity contracts which provide for indemnity for the loss of a member. In such cases the holdings are that an injury which renders the member useless constitutes a loss of such member. See Supreme Court of Honor v. Turner, 99 Ill. App., 310; Modern Order of Praetorians v. Taylor, 60 Tex. Civ. *627 App., 217, 127 S. W., 260; Sisson v. Supreme Court of Honor, 104 Mo. App., 54, 78 S. W., 297; Noel v. Continental Casualty Co., 138 Kan., 136. See, also, Sheanon v. Pacific Mutual Life Ins. Co., 77 Wis., 618, 46.N. W., 799, 9 L. R. A., 985, 20 Am. St. Rep., 151.
In our view the judgment below should be reversed.