LENTZ v. MUMY WELL SERVICE.

1. WORKMEN'S COMPENSATION—ADDITIONAL COMPENSATION—INDUSTRIAL USE OF HAND—EVIDENCE.

Whether plaintiff sustained the loss of the industrial use of his hand as the result of accident for which he had been paid for specific loss of 4 fingers *held*, an issue of fact under evidence presented in proceeding to recover additional workmen's compensation.

2. SAME—FINDINGS OF FACT—EVIDENCE—SUPREME COURT.

The Supreme Court is bound by the factual conclusions arrived at by the workmen's compensation commission, where there is testimony before the commission to support such conclusions (CL 1948, § 413.12).

3. SAME—HAND INJURY—INDUSTRIAL USE OF HAND—EVIDENCE.

Evidence supported conclusion that plaintiff, a derrick man for well driller employer, without the aid of a prosthesis could not use his left hand for any ordinary industrial prehensile purpose and was limited to that of an unsatisfactory pushing or pulling instrumentality as the result of an accident for which he had been previously paid for the specific loss of 4 fingers; the primary function of the hand having been completely lost.

4. SAME—ADDITIONAL COMPENSATION—INDUSTRIAL LOSS OF USE OF HAND.

Plaintiff, a derrick man for defendant well driller, *held*, entitled to additional compensation for the loss of the industrial use of his left hand, notwithstanding previous award for specific loss of 4 fingers, where such fingers had been severed at the

* Continued from Volume 339.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 461.
[2] 58 Am Jur, Workmen's Compensation § 530.
[4] 58 Am Jur, Workmen's Compensation § 501.

metacarpophalangeal joints and thumb had sustained a lateral
displacement radialward at such joint in such a manner that
the hand could no longer serve as a grasping industrial pre-
hensile instrumentality.

Appeal from Workmen's Compensation Commis-
sion. Submitted April 6, 1954. (Docket No. 2,
Calendar No. 45,985.) Decided June 7, 1954.

Cloyce E. Lentz presented his claim for additional
compensation against Mumy Well Service (J. E.
Mumy), employer, and State Accident Fund, insur-
er, for injuries resulting in loss of hand and for
which compensation for loss of fingers only had
been paid. Award to plaintiff. Defendants appeal.
Affirmed.

*Marcus, Kelman, Loria, McCroskey & Finucan*
(*Benjamin Marcus,* of counsel), for plaintiff.

*Harry F. Briggs* (*Stanley Dodge,* of counsel), for
defendants.

CARR, J. On the 8th of August, 1949, plaintiff was
employed by the defendant Mumy Well Service as
a derrick man. In the course of his employment he
sustained an accidental injury which resulted in the
loss of the 4 fingers of his left hand, which were sev-
ered at the metacarpophalangeal joints. He was
paid compensation at the statutory rate for the loss
of the fingers. On February 20, 1951, he made appli-
cation to the workmen's compensation commission
for hearing and adjustment of claim, on the basis of
the industrial loss of use of the hand. Defendants
filed answer to the application, denying the right of
plaintiff to further compensation benefits.

On the hearing before the deputy commissioner
plaintiff offered no testimony other than his own.
His claim as to the manner in which the accident hap-

pened was not disputed. He testified with reference to the work that he had done following the accident, stating that the use of the left hand resulted in a swollen condition and pain. At the suggestion of his doctor, he wore a prosthetic device which served to protect what remained of his hand and to improve the use of it by allowing him to grasp light objects between the thumb and the device. He testified also to a limitation in the use of the thumb.

Following the initial hearing an operation was performed on plaintiff's hand for the removal of neuromata which were painful. At a subsequent hearing there was offered by defendants, and received in evidence, a copy of the report of the surgeon performing the operation, who expressed the opinion that the condition was "pretty well relieved." Other than this report no medical testimony or proof as to the opinion of any medical expert was introduced. The deputy came to the conclusion that plaintiff had not established any disability as a result of the accident, other than the loss of the fingers, and denied additional compensation. Plaintiff appealed to the commission.

Following the appeal, plaintiff through his counsel made application to the commission for leave to take additional proofs. An order was entered accordingly, and the depositions of medical experts were taken and filed. The additional proofs thus introduced referred not only to the loss of the fingers but also to the condition of the hand and of the thumb. With reference to the thumb, one of the witnesses deposed that it presented a lateral displacement of the metacarpophalangeal joint radialward, and that such displacement amounted to approximately two-thirds of the width of the joint surface of the corresponding metacarpal bone. The same witness further testified as follows:

"If there are any residual fingers or phalanxes, bony material of the approximental phalanx of the 4 fingers remaining to the degree that this residual remains, the hand forms a relatively more or less effective grasping instrument by the effect of this cup and the approximation of the thumb to the residual phalanx substance. When, as in this man, there is total loss of the 4 fingers through the metacarpophalangeal joints, which removes the entire portion of the hand to which the thumb can approximate in a cupping fashion, we have sacrificed our grasping effective industrial use of that hand. There is a small use of the thumb to the palm, but it is mere approximation which leaves a residual use of the 2 stumps, the thumb and the pad, but they no longer function as a grasping industrial prehensile instrument of effective application of force. In this man the dislocation of the thumb with a partial loss of efficiency and even further loss of effective application of the thumb to the palm makes the residual stump even less effective as a stump."

The commission came to the conclusion that plaintiff had suffered disability other than from the loss of the 4 fingers, resulting from the swelling of the hand on use and the lateral displacement of the thumb. It was specifically found that such displacement resulted in an angulation of the thumb to such an extent as to prevent plaintiff from grasping or lifting objects except by the use of the prosthetic device. The conclusion was reached, in consequence, that plaintiff had lost the industrial use of his left hand as a result of the injury sustained in August, 1949. An order for the payment of additional compensation was entered accordingly. From such order defendants have appealed.

Whether plaintiff sustained the loss of the industrial use of his hand as a result of the accident in question was an issue of fact. *Rench* v. *Kalamazoo Stove & Furnace Co.,* 286 Mich 314; *Rupp* v. *Hutter*

*Construction Co.,* 288 Mich 105.   If there was testimony before the commission supporting its factual conclusions, this Court is bound thereby.   CL 1948, § 413.12 (Stat Ann § 17.186).   *Shaw* v. *General Motors Corporation,* 320 Mich 338, 345.   As above indicated, the testimony in the record before us supports the conclusion that without the aid of a prosthesis plaintiff cannot use his left hand for any ordinary industrial prehensile purpose.   The primary function of the hand is completely lost.   At most its use is limited to that of an unsatisfactory pushing or pulling instrumentality.

Appellants rely on the decisions of this Court in *Hlady* v. *Wolverine Bolt Company,* 325 Mich 23; *Utter* v. *Ottawa Metal Company,* 326 Mich 450; and *Barnett* v. *Kelsey-Hayes Wheel Company,* 328 Mich 37.   In each of these cases, however, the record furnished no basis for a finding that the plaintiff had sustained a loss other than that resulting from the amputations of the fingers or portions thereof. In the *Hlady Case* it was declared in the opinion that (p 25):

"The record is devoid of testimony tending to prove that plaintiff has suffered any different or greater loss than normally results from the amputation of 4 fingers of a hand.   Notwithstanding plaintiff claimed that the amputation of her fingers resulted in disabling 'sequelae' and 'general disability,' the commission found none except disability which normally follows such amputations."

The Court further distinguished the case of *Lovalo* v. *Michigan Stamping Co.,* 202 Mich 85, on which plaintiff in the instant case relies.   In the *Utter Case* neither thumb was injured, and the amputation was of portions of the fingers on each hand. In the *Barnett Case* the extent of injuries was less than in either the *Hlady* or the *Utter Case.*

In the case at bar there is testimony supporting the finding of the commission that plaintiff has sustained a greater loss than normally results from the amputation of the 4 fingers of a hand. The impairment of the normal functioning of the thumb resulting from the dislocation referred to by the medical witnesses in their testimony, and the swelling of the hand when used, are added factors preventing such industrial use as might otherwise be possible.

The order of the compensation commission is affirmed, with costs to plaintiff.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.