SHUMATE *v.* AMERICAN STAMPING COMPANY.

1. WORKMEN'S COMPENSATION—FINDING BY APPEAL BOARD—RECORD —INDUSTRIAL USELESSNESS OF LEFT HAND.
   The finding of fact by the workmen's compensation appeal board that plaintiff's left hand was industrially useless is binding upon the Supreme Court, since it is sustained by the record (CL 1948, § 413.12).

2. SAME—SPECIFIC LOSS OF LEFT HAND—RIGHT-HANDED JOB—PRESS OPERATOR.
   An employee was entitled to an award for the specific loss of a hand less credit for prior payments, where the workmen's compensation appeal board found that his left hand had been rendered industrially useless by the injury received while at work in that its function was limited to that of an unsatisfactory pushing or pulling instrumentality, notwithstanding he was eventually able to work at same right-handed job as press operator he had when injured.

———————

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 530.
[2] 58 Am Jur, Workmen's Compensation § 287.

Appeal from Workmen's Compensation Appeal Board. Submitted June 2, 1959. (Docket No. 5, Calendar No. 47,956.) Decided November 24, 1959.

Walter Shumate presented his claim against American Stamping Company, employer, and American Mutual Liability Insurance Company, insurer, for compensation for loss of hand. Award to plaintiff. Defendant appeals. Affirmed.

*Russell W. Conroy,* for plaintiff.

*Troff, Lilly & Bonow* (*Robert L. Piatt,* of counsel), for defendants.

KELLY, J. Defendants appeal from an order of the workmen's compensation appeal board awarding compensation for specific loss of a hand.

May 8, 1953, plaintiff was injured while operating a "Sherman press" when a spindle slipped and a roll of steel struck plaintiff on the left wrist, inflicting a deep laceration on the underside of the forearm. Plaintiff received medical treatment, which included surgery on his left hand, and received total compensation from the date of injury to August 23, 1954, and partial disability at various rates until April 2, 1955. He then returned to work for defendant American Stamping Company and after working for approximately 10 weeks as a night watchman and roustabout, he was assigned to his previous job operating a Sherman press.

Awarding compensation (March 6, 1958) for specific loss of the hand, less compensation paid from the date of injury (May 8, 1953), the appeal board in its opinion stated:

"Dr. Clarence Mercer described the hand as atrophic, shrunk, withered and as possessing a

peculiar cyanotic color. In his opinion the hand is useless. Dr. W. L. Green testified that the plaintiff's hand had lost all of its pinching ability, 60% of its gripping ability and 50% of its hooking ability. Much more understandable than these statistics and much more illustrative of the real condition of the plaintiff's hand than anything else in the record is the photograph introduced into evidence in accordance with the stipulation of the parties on May 9, 1957. The photograph, together with the rest of the testimony, leaves no room to question the industrial uselessness of the plaintiff's left hand as a hand. It is true that the plaintiff is doing the same job now operating a Sherman press that he was doing when injured. However, he is able to do this job not because his hand is not useless but because the job is a right-handed job where the left hand is important only as a pusher or guide and not as a hand. Plaintiff's left hand is industrially useless."

The finding of fact by the appeal board in regard to the industrial uselessness of plaintiff's hand is sustained by the record and is binding upon this Court. See CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186) and *Alexander* v. *Covel Manfg. Co.,* 336 Mich 140.

The main question in this appeal is whether an award for loss of hand can be sustained in the absence of amputation of the hand. This question was answered in *Lentz* v. *Mumy Well Service,* 340 Mich 1, which case dealt with an award for loss of a hand after compensation had been paid at the statutory rate for the loss of 4 fingers. In approving the award, Justice CARR, with the approval of the entire Court, stated (pp 4, 5) :

"Whether plaintiff sustained the loss of the industrial use of his hand as a result of the accident in question was an issue of fact. *Rench* v. *Kala-*

*mazoo Stove & Furnace Co.,* 286 Mich 314; *Rupp* v. *Hutter Construction Co.,* 288 Mich 105. If there was testimony before the commission supporting its factual conclusions, this Court is bound thereby. CL 1948, § 413.12 (Stat Ann § 17.186). *Shaw* v. *General Motors Corporation,* 320 Mich 338, 345. As above indicated, the testimony in the record before us supports the conclusion that without the aid of a prosthesis plaintiff cannot use his left hand for any ordinary industrial prehensile purpose. The primary function of the hand is completely lost. At most its use is limited to that of an unsatisfactory pushing or pulling instrumentality."

In the present appeal, the record sustains the same finding as in the *Lentz Case,* namely: "At most its use (the hand) is limited to that of an unsatisfactory pushing or pulling instrumentality."

We approve the finding of the workmen's compensation appeal board. We find no merit in plaintiff's contention that the appeal board erred in awarding the statutory 215 weeks of specific compensation less credit for prior payments made by defendants.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.