DUBEY *v.* BRUNSWICK LUMBER CO.

1. WORKMEN'S COMPENSATION—LUMP SUM SETTLEMENT—PARTIAL DISABILITY.

Payment of lump sum settlement under agreement for compensation for partial disability because of loss of vision of left eye only redeemed liability arising therefrom.

2. SAME—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION—LUMP SUM SETTLEMENTS.

Jurisdiction of department of labor and industry of petition for further compensation as for total disability because of industrial blindness after payment of lump sum settlement for partial disability because of loss of vision of left eye is controlled by 2 Comp. Laws 1929, § 8453.

3. SAME—FINDING OF FACT—APPEAL AND ERROR.
   Supreme Court may not review findings of fact by department
   of labor and industry where there was evidence upon which
   it could make such a finding.

Appeal from Department of Labor and Industry. Submitted April 3, 1935. (Docket No. 55, Calendar No. 38,062). Decided September 9, 1935.

Peter Dubey presented his claim for compensation against the Brunswick Lumber Company. On petition for further compensation. Award to plaintiff. Defendant appeals. Affirmed.

*R. W. Nebel,* for plaintiff.

*Thomas H. Murray,* for defendant.

BUSHNELL, J. On August 8, 1929, plaintiff, while working in the woods for defendant, was struck in his left eye by a twig and thereafter received $10.92 per week for disability under an agreement between the parties. September 18, 1930, the department upon proper showing entered an order for settlement in a lump sum of the balance of the agreed amount, which payment was acknowledged in a settlement receipt dated October 2, 1930, showing $1,332.24 paid, covering 122 weeks. Section 8426, 2 Comp. Laws 1929, provides "for the loss of an eye, sixty-six and two-thirds per centum of average weekly wages during one hundred weeks." Plaintiff was therefore paid all he ever could receive for the loss of vision of his left eye. December 4, 1933, he filed a petition for further compensation, claiming to be industrially blind in both eyes. The deputy commissioner found that he had lost the industrial vision of his right eye as a result of the injury of August, 1925, and has been totally and permanently disabled since Decem-

ber, 1931, all of which was affirmed by the department, which entered an order awarding compensation for total disability from that date.

Did the satisfaction of the lump sum settlement order forever discharge defendant and did the department thereafter lose jurisdiction? If not, does the evidence show such a change in plaintiff's condition that will support the present award? The lump sum settlement and the award arising out of the prior agreement was for partial disability because of the loss of vision in the left eye. The payment of such sum only redeemed the liability arising therefrom. *Norbut* v. *I. Stephenson Co.,* 217 Mich. 345. The agreement of July 11, 1930, between the parties as to the compensation of $10.92 for 100 weeks reads in part:

"The rate of compensation must not be changed except by supplemental agreement approved by the commission or by an award. All in accordance with the provisions of the Michigan workmen's compensation law. It is further agreed, that in case the said injured employee has suffered the loss of one or more members scheduled in section ten, part two of said act, and is incapacitated in his employment at the end of the above period because of injuries other than the loss of said members as a result of said accident, he shall be entitled to compensation for total or partial disability as the facts and law warrant at the end of said period."

This is a recital of the law by which the parties were bound. If the loss of vision in the right eye can be traced to the original accidental injury to the left eye and plaintiff is industrially blind, his condition has become worse and he is totally disabled. The department's jurisdiction as to such a situation is controlled by 2 Comp. Laws 1929, § 8453. See *Norbut* v. *I. Stephenson Co., supra.*

There was evidence upon which the department could make such a finding and we may not review its findings as to facts.

The award is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.