RUPP v. HUTTER CONSTRUCTION CO.

WORKMEN'S COMPENSATION—LOSS OF INDUSTRIAL USE OF BOTH
HANDS—FINDING OF FACT—EVIDENCE.

Determination of department of labor and industry that common laborer had lost the industrial use of both of his hands, being one of fact, will not be disturbed in view of supporting testimony of doctor that plaintiff would never be able to do laboring work again and was totally and permanently disabled as a laborer and other evidence including the physical appearance of the hands showing that second, third, fourth and fifth fingers and half of the metacarpal bones of these fingers had been removed from right hand and third, fourth and fifth fingers were disarticulated at joint of metacarpal bones and upper two and part of third phalanges of index finger on left hand were amputated.

Appeal from Department of Labor and Industry. Submitted January 3, 1939. (Docket No. 20, Calendar No. 40,255.) Decided March 9, 1939.

John Rupp presented his claim against Hutter Construction Company, employer, and Employers Mutual Liability Insurance Company, insurers, for compensation for injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*James A. Henderson,* for plaintiff.

*Ray Derham,* for defendants.

BUTZEL, C. J.   Plaintiff was awarded $18 per week for 500 weeks on account of a compensable accident. The second, third, fourth, and fifth fingers and half of the metacarpal bones of these fingers had been removed from plaintiff's right hand. The thumb remained uninjured. On the left hand, the third,

fourth, and fifth fingers were disarticulated at the joint of the metacarpal bones, and the upper two and part of the third phalanges of the index finger were amputated.

Defendant's sole claim on appeal is that because plaintiff can articulate the thumb so as to touch the stump of the finger of the left hand, he has not lost the use of that hand, and, therefore, he cannot claim total disability for the loss of both hands, under 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160). The doctor who testified on behalf of defendant stated that plaintiff would "never be able to do laboring work again," and that he was "totally and permanently disabled * * * as a laborer." At the hearing before the department of labor and industry, plaintiff exhibited what was left of his hands. One glance at the photographs of them, introduced as exhibits, demonstrates beyond any question that no one would undertake to employ plaintiff at common labor, his occupation at the time of the accident.

The cases involving the loss of fingers and the industrial use of hands are assembled and distinguished in *Rench* v. *Kalamazoo Stove & Furnace Co.,* 286 Mich. 314, wherein it was held that the determination of the loss of the industrial use of an employee's hands is one of fact and, where there is supporting testimony, the finding of the department will not be disturbed. Such finding was supported not only by the physical appearance of the remnants of the hands, but by testimony.

The award is affirmed, with costs to plaintiff.

Wiest, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. North, J., took no part in this decision.