EDWARDS v. MICHIGAN LIGHT ALLOYS CORPORATION.

WORKMEN'S COMPENSATION—TOTAL DISABILITY—IMBECILITY—DURATION OF PERIOD OF COMPENSATION.

Plaintiff employee who fell from roof to the ground and suffered a cerebral concussion which culminated in his becoming an imbecile was entitled to compensation for period of 750 weeks for total disability, the provision that total disability arising from loss of 2 or more members of the body not restricting unambiguously-worded section setting forth duration of period of compensation payments for total disability (CL 1948, §§ 412.9, 412.10).

Appeal from Workmen's Compensation Appeal Board. Submitted April 4, 1956. (Docket No. 16, Calendar No. 46,701.) Decided June 14, 1956. Rehearing denied December 4, 1956.

Claim for compensation for Orley E. Edwards presented by Roger N. Turner, his guardian, against Michigan Light Alloys Corporation and/or Chicago Railways Equipment Corporation, employers, following 500 weeks of voluntary payment. Award to plaintiff for 250 additional weeks. Defendants appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

58 Am Jur, Workmen's Compensation §§ 250, 283.

Insanity as affecting right of employee to compensation. 6 ALR 570.

Mental state or nervous condition following accident or injury as compensable, or factor in determining amount or duration of period of compensation. 44 ALR 500; 86 ALR 961.

*Russell W. Conroy,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells,* of counsel), for defendants.

KELLY, J. Defendants appeal from a finding of the workmen's compensation appeal board that plaintiff's total disability entitled him to 750 weeks compensation.

Plaintiff suffered total disability by reason of an accident which occurred on January 23, 1945, when he fell to the ground from the roof of a factory upon which he was working, causing a cerebral concussion producing mental deterioration culminating in plaintiff becoming an imbecile.

Defendants and appellants admit that plaintiff was totally disabled; that his injury arose out of and in the course of his employment, and state that the only question involved is:

"By the 1943 amendment of the workmen's compensation act did the legislature intend, in adding the 750 week proviso for total and permanent disability in section 9 part 2 that the 750 week proviso should apply to other than the specific losses set forth in section 10, part 2 and defined therein as constituting total and permanent disability."*

This Court on June 4, 1956, handed down its decision in the case of *Springer* v. *Reed Foundry & Machine Co., ante,* 11. The facts in the *Springer Case* and those in the present case differ only in that Mr. Springer became insane and therefore permanently and totally disabled and plaintiff Edwards' mental deterioration continued until his mentality reached the level of an imbecile.

* See CL 1948, §§ 412.9, 412.10 (Stat Ann 1947 Cum Supp §§ 17.-159, 17.160).—REPORTER.

For the reasons set forth in the *Springer Case* this Court finds that the appeal board did not err in awarding plaintiff herein compensation for 750 weeks for total disability.

Judgment affirmed.   Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, CARR, and BLACK, JJ., concurred.

EDWARDS, J., took no part in the decision of this case.