LOUAGIE v. MERRITT, CHAPMAN & SCOTT.

ARMSTRONG v. CHRYSLER CORPORATION.

WRONSKI v. CHRYSLER CORPORATION.

BAPST v. JOHN CROWLEY BOILER WORKS, INC.

LEWANDOWSKI v. ALPENA POWER COMPANY.

1. WORKMEN'S COMPENSATION—AMENDMENT OF STATUTE—LOSS OF INDUSTRIAL USE—TOTAL AND PERMANENT DISABILITY.

Injured employees who sustained injuries that did not result in total and permanent disability, as the term was defined by the workmen's compensation act at the time of injury, but who met with definition of the term as subsequently amended to include loss of industrial use of specified body members, were entitled to receive payments of compensation as totally and permanently disabled persons on and after the effective date of the amendatory acts (CL 1948, § 412.9, as amended by PA 1956, No 195, and PA 1965, No 44).

2. SAME—DEPENDENTS—DECREASE IN PAYMENTS.

Determination of dependency since date of original hearing may be presented for disposition on remand to the appeal board under the workmen's compensation act reducing the amount of compensation when the number of dependents is reduced (PA 1912 [1st Ex Sess], No 10, pt 2, § 9, subd [d], as amended by PA 1949, No 238, and subsequently).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 33, 283, 287, 301, 499, 517.
[2] 58 Am Jur, Workmen's Compensation §§ 501, 523, 530, 537.
[3] 58 Am Jur, Workmen's Compensation §§ 527, 530.
[4] 58 Am Jur, Workmen's Compensation § 530.
[5] 58 Am Jur, Workmen's Compensation §§ 501, 504, 510.
[6] 58 Am Jur, Workmen's Compensation §§ 296, 493, 508, 510.
[7] 58 Am Jur, Workmen's Compensation § 543.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—LOSS OF INDUSTRIAL
USE—EVIDENCE.

Question as to whether the evidence failed to establish loss of
industrial use of 2 members of the body, as defined in the
workmen's compensation act, is not considered by the Su-
preme Court as not properly before it, where not raised on
application for leave to appeal either to the Court of Ap-
peals or to the Supreme Court (PA 1912 [1st Ex Sess], No
10, pt 2, §§ 9, 10, as amended).

4. WORKMEN'S COMPENSATION—FINDING OF APPEAL BOARD—EVI-
DENCE.

Finding of workmen's compensation appeal board that plain-
tiff had lost the use of both legs due to his employment is
conclusive on the Supreme Court where the Supreme Court
concludes there was a factual basis for such finding (CL
1948, § 413.12).

5. SAME—SPECIFIC LOSS—REDUCTION OF BENEFITS.

Mandatory disability benefits under the workmen's compensation
act for specific loss of body members of an injured employee
cannot be reduced by reason of earnings received by the
employee during the period of conclusively presumed total
and permanent disability (CL 1948, §§ 412.9, 412.11, as
amended by PA 1965, No 44).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—WORKMEN'S COM-
PENSATION APPEAL BOARD—RES JUDICATA—SECOND INJURY FUND.

Holding of statutory imposition of liability upon second injury
fund for additional and differential workmen's compensation
benefits for loss-of-use total and permanent disability of an
injured employee renders unnecessary consideration of claim
of *res judicata* because of a prior decision of the workmen's
compensation appeal board raised on appeal by defendant
employer and its insurer.

7. COSTS—WORKMEN'S COMPENSATION—SECOND INJURY FUND.

No costs are allowed on appeal in 5 proceedings to review
awards of workmen's compensation benefits from the several
employers and second injury fund.

Appeal from Workmen's Compensation Appeal
Board. Submitted May 6, 1969. (Calendar No. 24,
Docket No. 52,038.) Decided August 27, 1969.

Victor Louagie, after receiving workmen's compensation for 500 weeks from Merritt, Chapman & Scott and Travelers Insurance Company, employer and its insurer, for an injury suffered in his employment, filed a claim asserting industrial loss of the use of both legs and asking for compensation for total and permanent disability. From an order of the Workmen's Compensation Appeal Board, reversing the decision of the referee and ordering payment of additional benefits by the Second Injury Fund, defendants' application for leave to appeal, denied by the Court of Appeals, was granted by Supreme Court. 381 Mich 768. Affirmed, remanded to Workmen's Compensation Appeal Board for determination of dependency, and entry of an order in conformance with opinion.

*Kelman, Loria, Downing & Schneider (John W. Simpson, Jr.,* of counsel), for plaintiff.

*Badgley, Domke, McVicker & Marcoux (Jerome A. Susskind,* of counsel), for defendant employer and its insurer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long,* Assistant Attorney General, for Second Injury Fund.

---

Appeal from Workmen's Compensation Appeal Board. Submitted May 6, 1969. (Calendar No. 28, Docket No. 52,027. ) Decided August 27, 1969.

Ralph D. Armstrong, after receiving workmen's compensation for 500 weeks from Chrysler Corpo-

ration for an injury suffered in his employment, filed a claim asserting industrial loss of use of both legs and asking for compensation for total and permanent disability. From order of Workmen's Compensation Appeal Board requiring employer to pay compensation for an additional period and for differential payments from the Second Injury Fund, defendant sought leave to appeal from the Court of Appeals. Denied. Leave to appeal granted by Supreme Court. 381 Mich 763. Remanded to Workmen's Compensation Appeal Board for entry of order in conformance with opinion.

*Joseph P. Mazzola,* for plaintiff.

*Lacey & Jones (E. R. Whinham, Jr.,* of counsel), for defendant employer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long* and *Rodger G. Will,* Assistant Attorneys General, for Second Injury Fund.

———

Appeal from Workmen's Compensation Appeal Board. Submitted May 6, 1969. (Calendar No. 26, Docket No. 52,028.) Decided August 27, 1969.

Zygmunt Wronski, after receiving workmen's compensation for 500 weeks from Chrysler Corporation for an injury suffered in his employment, filed a claim for compensation for total and permanent disability by reason of loss of industrial loss of use of both legs. From order requiring employer to continue payments and requiring Second Injury Fund to pay differential benefits, defendant and

Second Injury Fund sought leave to appeal to Court of Appeals. Denied. Supreme Court granted leave to appeal to defendant employer. 381 Mich 763. Remanded to Workmen's Compensation Appeal Board for entry of order in conformance with opinion.

*Dann, Rosenbaum, Bloom & Kaufman,* for plaintiff.

*Lacey & Jones (E. R. Whinham, Jr.,* of counsel), for defendant employer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long,* Assistant Attorney General, for Second Injury Fund.

---

Appeal from Workmen's Compensation Appeal Board. Submitted May 6, 1969. (Calendar No. 25, Docket No. 52,039.) Decided August 27, 1969.

Albert Joseph Bapst, after receiving workmen's compensation for 500 weeks from John Crowley Boiler Works, Inc., and Travelers Insurance Company, employer and its insurer, for an injury suffered in his employment, filed a claim asserting industrial loss of use of both legs and 1 arm and asking for compensation for total and permanent disability. Referee ordered employer and insurer to continue medical care and ordered Second Injury Fund to make differential payments. Defendants and Second Injury Fund appealed to the Workmen's Compensation Appeal Board. Findings affirmed, but award modified. Court of Appeals denied leave to appeal by defendants. Defendants appealed to

Supreme Court. Leave granted, 381 Mich 769. Remanded for entry of order in accordance with opinion.

*Kelman, Loria, Downing & Schneider (John W. Simpson, Jr.,* of counsel), for plaintiff.

*Badgley, Domke, McVicker & Marcoux (Jerome A. Susskind,* of counsel), for defendant employer and its insurer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *A. C. Stoddard* and *Glenn W. House, Jr.,* Assistant Attorneys General, for Second Injury Fund.

---

Appeal from Workmen's Compensation Appeal Board. Submitted May 6, 1969. (Calendar No. 29, Docket No. 52,043.) Decided August 27, 1969.

Arthur J. Lewandowski, after receiving workmen's compensation for 430 weeks from Alpena Power Company and Michigan Mutual Liability Company, employer and its insurer, for injuries suffered in his employment, filed a claim for compensation for additional and differential benefits from defendants and the Second Injury Fund. From order of Workmen's Compensation Appeal Board reversing referee and ordering payment of additional benefits by defendants and of differential benefits from Second Injury Fund, the defendants sought leave to appeal to the Court of Appeals and plaintiff filed application for cross-appeal. Denied. Leave to appeal granted by Supreme Court to defendant employer and its insurer. 381 Mich 767.

Remanded to Workmen's Compensation Appeal Board for entry of order in accordance with opinion.

*Markle & Markle,* for plaintiff.

*John Davidson,* for defendant employer and its insurer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long,* Assistant Attorney General, for Second Injury Fund.

---

Per Curiam. These cases are companion cases to *Rasar* v. *Chrysler Corporation* (1969), 382 Mich 169. In *Rasar,* plaintiff was injured on July 6, 1955. He was found to be totally and permanently disabled, having suffered the loss of the industrial use of both arms as of February 12, 1958.

Plaintiff Louagie was injured on November 2, 1954. It was stipulated that he lost the industrial use of his legs as of July 1, 1956.

Plaintiff Armstrong was injured on February 1, 1956 and was found to be totally and permanently disabled as of September 4, 1963 because of the loss of the use of both legs.

Plaintiff Wronski was injured on July 16, 1955 and was found to be totally and permanently disabled as of August 1, 1956 due to the loss of the industrial use of both legs.

Plaintiff Bapst was injured on April 18, 1956 when he fell and injured his back. He was found to be totally and permanently disabled as of April 18, 1956, having suffered the loss of the use of both legs.

Plaintiff Lewandowski was injured on September 20, 1955 when he received severe burns on both hands. He was found to be totally and permanently disabled as of August 1, 1956 as the result of the industrial loss of the use of both hands.

With regard to all of the above plaintiffs, at the time they were injured the provisions of PA 1912 (1st Ex Sess), No 10, as amended by PA 1954, No 175, were in effect. Under the provisions of that act, none of the plaintiffs met the act's definition of permanent and total disability. However, by PA 1956, No 195, effective August 1, 1956, the act was amended to add loss of industrial use as defined in subsection (7) as constituting total and permanent disability. All of these claimants met the definition of subsection (7). Then, by PA 1965, No 44, amending part 2, § 9 subd (a) (CL 1948 § 412.9 [Stat Ann 1968 Rev § 17.159]), it was provided:

"Any permanently and totally disabled person as defined in this act who, on or after June 25, 1955, is entitled to receive payments of workmen's compensation under this act in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability and for a lesser number of weeks than the duration of such permanent and total disability shall *after the effective date of any amendatory act, by which his disability is defined as permanent and total disability or by which the weekly benefit for permanent and total disability is increased, receive weekly, without application, from the second injury fund, an amount equal to the difference between what he is now or shall hereafter be entitled to receive from his employer* under the provisions of this act *as the same was in effect at the time of his injury* and the amount now provided for his permanent and total disability by this or any other amendatory act." (Emphasis added.)

Under the foregoing statutory provisions, on and after August 1, 1956, the effective date of PA 1956, No 195, which defined their disability as being permanent and total, all of the plaintiffs became entitled to receive payments of compensation as totally and permanently disabled persons. All, "at the time of [their] injury," were not entitled to receive such payments "under the provisions of this act as the same was in effect at the time of [their] injury." Consequently, plaintiffs' compensation should be paid "from the second injury fund." We think this was the legislative purpose in enacting PA 1965, No 44, and apply it accordingly to the rights and obligations of all parties to the captioned cases.

A further question raised in Louagie is whether the amount of compensation is reduced when the number of dependents is reduced. Section 9, subd (d)[1], part 2 of the act (CL 1948, § 412.9 [MCLA 1969 Cum Supp § 412.9(d), Stat Ann 1968 Rev § 17.159(d)]), provides for such a decrease. Upon remand, determination of the dependency situation since the date of the original hearing may be presented to the appeal board for disposition.

In Bapst, a question is raised as to whether the evidence failed to establish loss of industrial use of two members as defined in the act. This question was not raised on application for leave to appeal either to the Court of Appeals or to this Court. The referee and the appeal board found that plaintiff was totally and permanently disabled. The question is not properly before us. We decline to pass on same.

In Wronski, appellant contends there is no competent evidence to show that plaintiff has lost the

---

[1] Subdivision (d) was added to PA 1912 (1st Ex Sess), No 10, pt 2, § 9, by PA 1949, No 238, and has been included in each subsequent amendment of that section. The last amendment was by PA 1968, No 227.—REPORTER.

use of both legs causally related to his employment. The referee and the appeal board found that plaintiff did suffer such a loss. The opinion of the appeal board states:

"The proofs which were presented to establish the residuals of injury and loss of use of the limbs are not quite so weighty that it is 'obvious' that the employment is the 'sole' cause of disability *as defendant seemed to concede* when they were here before, however, we are of the opinion that *the proofs standing unrebutted as they are do establish prima facie evidence from which it is reasonable to conclude that plaintiff did suffer the industrial loss of use of two extremities* as a result of injuries suffered on July 16, 1955. We so hold. The proofs show such loss did occur prior to August 1, 1956." (Emphasis added.)

Plaintiff's case was first decided by the appeal board on August 16, 1957. Hearing on a subsequent claim for an adjustment of benefits was held on March 10, 11, 1965. The only testimony was that of plaintiff. Chrysler had had a physical examination of plaintiff on February 19, 1965, but did not produce any evidence, medical or lay. We conclude there was a factual basis for the finding by the referee and the appeal board. Such a finding is conclusive. CL 1948, § 413.12 [Stat Ann 1968 Rev § 17.186].

In Lewandowski, the employer and Michigan Mutual further contend that payments to plaintiff should be reduced by earnings received by plaintiff in favored employment during the period of conclusively presumed total and permanent disability. We are here concerned with the provisions of part 2, § 9, subd (a), of the compensation act. The provisions of part 2, § 11,[2] cannot defeat the mandatory

_____

[2] PA 1912 (1st Ex Sess), No 10, pt 2, § 11, has been amended

disability benefits relating to specific losses. The claim is without merit.

In view of our holding that liability in these cases rests upon the second injury fund, the issue of *res judicata* because of a prior decision of the workmen's compensation appeal board need not be considered or passed upon.

All of the above cases are remanded to the workmen's compensation appeal board for appropriate orders in accordance with this opinion.

No costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

---

by PA 1965, No 44, and PA 1967, No 140 (MCLA § 412.11, Stat Ann 1968 Rev § 17.161).—REPORTER.