BELENCAN *v.* J. D. CANDLER ROOFING COMPANY.

WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY—SECOND-INJURY FUND—HANDICAPPED PERSONS—DIFFERENTIAL BENEFITS.

    REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 296 *et seq.*

Appeal from Workmen's Compensation Appeal Board. Submitted June 3, 1970. (Calendar No. 11, Docket No. 52,354.) Decided August 19, 1970.

Nick Belencan, after receipt of compensation for total disability, presented a claim for additional benefits for permanent and total disability due to loss of both legs. Additional award, payable by Second Injury Fund, affirmed by Workmen's Compensation Appeal Board. Defendant Second Injury Fund sought leave to appeal to the Court of Appeals which was denied. Defendant Second Injury Fund appeals. Reversed.

*Bellinson & Doctoroff* (*Bruce L. Randall,* of counsel), for plaintiff.

*Richard C. Rogers,* for defendants J. D. Candler Roofing Company and Michigan State Accident Fund.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard* and *Roger G. Will,* Assistant Attorneys General, for defendant Second Injury Fund.

T. M. KAVANAGH, J. During the course of plaintiff's employment with defendant roofing company, he was injured when he fell from the roof of a building on August 17, 1956. As a result of that injury he was totally incapacitated from working. His employer, through its insurance carrier, voluntarily paid workmen's compensation at the proper weekly rate and for the proper duration under the Workmen's Compensation Act in effect at that time* for

---

* CL 1948, § 411.1 *et seq.,* as amended (Stat Ann 1960 Rev § 17-.141 *et seq.*).

one who was totally incapacitated from working but not totally and permanently disabled, as such disability is defined in said act.

On July 24, 1961, it was necessary, because of the injury, to amputate plaintiff's right leg.

On July 21, 1965, nine years subsequent to the date of the injury, plaintiff's other leg was amputated. Amputation of the second leg did not arise out of or in the course of any employment of plaintiff covered by the workmen's compensation law.

Plaintiff did not work after he was injured in 1956.

The above facts are not disputed.

For the reasons given and authorities cited in *Whitt* v. *Ford Motor Company* (1970), 383 Mich 726, the decision of the Workmen's Compensation Appeal Board is reversed and total and permanent disability benefits denied.

No costs, a public question being involved.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, and ADAMS, JJ., concurred with T. M. KAVANAGH, J.

T. G. KAVANAGH, J., did not sit in this case.