GOSS v. TOP O'MICHIGAN RURAL ELECTRIC COMPANY

WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY—
SCHEDULED LOSSES—LOSS OF HAND—LOSS OF FOOT.
> The amputation of plaintiff's right hand, that part of his right
> forearm six and one-half inches below the elbow, a scheduled
> loss, combined with plaintiff's total loss of the use of his
> right foot for any kind of work in industry, a scheduled loss,
> constituted total and permanent disability (MCLA § 418.361
> [2][d]).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 April 1, 1971, at Grand Rapids. (Docket No. 9943.) Decided June 23, 1971.

Gerald Goss presented his claim for workmen's compensation for total and permanent disability against Top O'Michigan Rural Electric Company and Employers Mutuals of Wausau, its insurer. Michigan Second Injury Fund intervened as defendant. Award to plaintiff. Defendants appeal by leave granted. Affirmed.

*Williams, Coulter & Forster,* for plaintiff.

*Clare L. Gillett,* for Top O'Michigan Rural Electric Company and Employers Mutuals of Wausau.

---

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 281 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard,* Assistant Attorney General, for Michigan Second Injury Fund.

Before: Holbrook, P. J., and Bronson and O'Hara,* JJ.

O'Hara, J. Defendant appeals, on leave granted, an order of the Workmen's Compensation Appeal Board granting plaintiff total and permanent disability benefits.

We recite the relevant facts. Plaintiff was severely burned while in the performance of his duties as a lineman for defendant company. In consequence of his injuries, his right hand, that part of his right forearm 6-1/2 inches below the elbow, was amputated. He also sustained loss of use of his right foot.

By statutory definition, the amputation at the point where done constituted the loss of one hand. This is a specific schedule loss.

The loss of use of the foot was found by the appeal board to be: "that total incapacitating loss of use for any kind of work in industry that an amputated foot would have".

This finding of fact was supported by competent testimony. As such it is beyond the scope of judicial review.

"The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive." (MCLA § 413.12 [Stat Ann 1968 Rev § 17.186]).

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Under *Hutsko* v. *Chrysler Corporation* (1968), 381 Mich 99, this too is a "specified schedule" loss. Plaintiff, therefore, has lost one hand and one foot.

Section (10) [b] (4) defines this loss combination as "total and permanent disability, compensation for which is provided in section 9".

The board properly ordered such payment thereunder. Its order is affirmed. Costs to the appellee.

All concurred.