## BUCHAU v SIMMONS BOILER & MACHINE CO

### OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—STATUTES—CONTROLLING LAW—PERMANENT DISABILITY—ARM—DATE OF INJURY.

   The rights of parties in workmen's compensation cases are normally determined by the law in effect at the date of the injury; however, *Clark v Chrysler Corp*, 377 Mich 140 (1966), mandates that the 1956 amendments to the Workmen's Compensation Act shall be controlling in a case where plaintiff alleges permanent and total disability based on industrial loss of use of both arms and the date of injury for the loss of his left arm occurred on March 4, 1955, at which time benefits for such disability were not provided for in the act.

2. WORKMEN'S COMPENSATION—SECOND INJURY FUND—PERMANENT DISABILITY.

   Two basic requirements must be met before liability is imposed upon the Second Injury Fund by a proviso in a former section of the Workmen's Compensation Act: (1) the injury must meet the definition of permanent and total disability as such term is defined in either of two other sections of the Workmen's Compensation Act and (2) the employee must show that on or after June 25, 1955, he is entitled to receive payments of workmen's compensation under the act in amounts per week of less than was then provided in the act for permanent and total disability (MCLA 412.9[a]).

3. WORKMEN'S COMPENSATION—SECOND INJURY FUND—PERMANENT DISABILITY—DATE OF INJURY.

   The language of a former section of the Workmen's Compensation Act which read in pertinent part "[a]ny permanently and totally disabled person as defined in sections 8a and 10 who, on or after June 25, 1955, is entitled to receive payments of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 283.

[2, 3, 5, 7–11] 58 Am Jur, Workmen's Compensation § 296.

[4] 58 Am Jur, Workmen's Compensation § 197.

[6] No reference.

workmen's compensation under this act in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability shall after the effective date of this amendatory act receive weekly, without application, from the second injury fund, an amount equal to the difference between what he is now receiving per week and the amount per week now provided for permanent and total disability with appropriate application of the provisions of paragraphs (b), (c), (d), and (e) of this section since the date of injury" is very clear; the injury which that section refers to is the injury for which the workman is currently receiving workmen's compensation after June 25, 1955, although the actual injury date was prior to June 25, 1955 (MCLA 412.9[a]).

4. WORKMEN'S COMPENSATION—DATE OF INJURY.

The words "date of injury", as used in two former sections of the Workmen's Compensation Act, refer to the same "date of injury"; this injury date is the one for which the injured workman is currently receiving workmen's compensation benefits (MCLA 412.9[a], 412.10).

5. WORKMEN'S COMPENSATION—PERMANENT DISABILITY—SECOND INJURY.

Under a decision of the Michigan Supreme Court, for an injured workman to be entitled to workmen's compensation benefits for permanent and total disability, the "second injury" must arise out of and during the course of his employment and the mandate of that decision is satisfied in a case where both injuries were work related.

6. WORKMEN'S COMPENSATION—PERMANENT DISABILITY—RETROACTIVE APPLICATION.

Clark v Chrysler Corp, 377 Mich 140 (1966), is modified to provide that the 1956 Workmen's Compensation Act is effective retroactively to those cases in which an injured workman is receiving or entitled to receive workmen's compensation benefits on or after June 25, 1955, and the injury for which he is receiving or is entitled to receive those benefits occurred between January 31, 1947 and August 1, 1956, and he is otherwise qualified for permanent and total workmen's compensation benefits.

CONCURRING OPINION

M. S. COLEMAN, J.

7. WORKMEN'S COMPENSATION—SECOND INJURY FUND—ARM.

Plaintiff should be awarded workmen's compensation from the

*Second Injury Fund where his right arm was injured in 1930 but it remained industrially useful until 1961 and in 1955 his left arm was injured and rendered permanently industrially useless.*

8. WORKMEN'S COMPENSATION—PERMANENT DISABILITY—LEG—ARM—INJURY—SUCCESSIVE INJURIES—SINGLE ACCIDENT.

*Any disability regarded as total and permanent under a section of the Workmen's Compensation Act, that provided "[t]otal and permanent disability, compensation for which is provided in section 9, means * * * [p]ermanent and total loss of industrial use of both legs or both hands or both arms or 1 leg and 1 arm; for the purpose of this subsection (7) such permanency to be determined not less than 30 days before the expiration of 500 weeks from the date of injury", must result from one injury and not successive injuries; that section should be applied to a disability resulting from a single work-related accident (MCLA 412.10[b][7]).*

9. WORKMEN'S COMPENSATION—SUCCESSIVE INJURIES—PERMANENT DISABILITY—LEG—ARM.

*The Legislature, by specifically providing payment for the results of successive injuries, indicated that such are not covered by a section of the Workmen's Compensation Act which provided "[t]otal and permanent disability, compensation for which is provided in section 9, means * * * [p]ermanent and total loss of industrial use of both legs or both hands or both arms or 1 leg and 1 arm; for the purpose of this subsection (7) such permanency to be determined not less than 30 days before the expiration of 500 weeks from the date of injury" (MCLA 412.10[b][7], 412.10[c]).*

10. WORKMEN'S COMPENSATION—PERMANENT DISABILITY—ARM—FOOT—LEG—EYE—HAND—SUCCESSIVE INJURIES.

*The Legislature clearly intended a section of the Workmen's Compensation Act, which provided that "[i]f an employee has at the time of injury permanent disability in the form of the loss of a hand or arm or foot or leg or eye and at the time of such injury incurs further permanent disability in the form of the loss of a hand or arm or foot or leg or eye, he shall be deemed to be totally and permanently disabled and shall be paid, from the funds provided in this section, compensation for total and permanent disability after subtracting the amount of compensation received by the employee for both such losses" and that "[t]he payment of compensation under this section*

*shall begin at the conclusion of the payments made for the second permanent disability" to encompass a case where plaintiff has been twice injured while in the course of his employment where one injury resulted in the loss of the use of his right arm and the other resulted in the loss of the use of his left arm (MCLA 412.8a).*

11. Workmen's Compensation—Arm—Permanent Disability—Second Injury Fund.

*Plaintiff, who injured his right arm in 1930 and injured his left arm in 1955 rendering it permanently industrially useless and lost the industrial usefulness of his right arm in 1961, is entitled to workmen's compensation for his total and permanent disability under a provision of the Workmen's Compensation Act that "[i]f an employee has at the time of injury permanent disability in the form of the loss of a hand or arm or foot or leg or eye and at the time of such injury incurs further permanent disability in the form of the loss of a hand or arm or foot or leg or eye, he shall be deemed to be totally and permanently disabled and shall be paid, from the funds provided in this section, compensation for total and permanent disability after subtracting the amount of compensation received by the employee for both such losses * * * [t]he payment of compensation under this section shall begin at the conclusion of the payments made for the second permanent disability" and another section of that act which provided that determinations of permanent and total disability were to be made in accordance with definitions contained in the quoted section; plaintiff was entitled to receive compensation from the Second Injury Fund and, under the facts of the case, payment should be made solely from the fund (MCLA 412.8a, 412.9[a]).*

Appeal from Workmen's Compensation Appeal Board. Submitted April 3, 1973. (No. 6 April Term 1973, Docket No. 54,042.) Decided August 2, 1974.

Claim by Herman Buchau against Simmons Boiler & Machine Company, Employers Mutual Liability Company, and Second Injury Fund for workmen's compensation. Award granted. Court of Appeals denied Second Injury Fund's application for leave to appeal. Second Injury Fund appealed to the Supreme Court. (Docket No. 52,379.) Case

remanded to the Workmen's Compensation Appeal Board. 384 Mich 784. Award denied. Plaintiff appeals. Reversed and remanded to the Workmen's Compensation Appeal Board for entry of an award.

*Charfoos & Charfoos, P. C.,* for plaintiff.

*John E. Miley (Vincent F. McAuliffe,* of counsel), for defendants Simmons Boiler & Machine Company and Employers Mutual Liability Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard* and *Eileen D. Zielesch,* Assistants Attorney General, for defendant Second Injury Fund.

T. M. KAVANAGH, C. J. This case is on appeal by leave granted from a decision of the Workmen's Compensation Appeal Board, after denial of leave to appeal by the Court of Appeals. Leave was originally granted in 382 Mich 765 (1969). The case was then remanded, 384 Mich 784 (1971) to the Appeal Board for reconsideration in light of *Whitt v Ford Motor Co,* 383 Mich 726; 178 NW2d 917 (1970), and *Belencan v Candler Roofing Co,* 383 Mich 732; 178 NW2d 922 (1970). The order of this Court on remand allowed the parties to appeal directly to this Court if either was aggrieved by the decision of the Board on remand. Pursuant to such order, leave to appeal was granted to plaintiff-appellant on June 22, 1972, 387 Mich 795.

The facts of this case are not complicated. In 1930, the plaintiff suffered an injury to his right arm during the course of his employment at Ford Motor Company. Subsequently, on March 4, 1955, Mr. Buchau suffered the industrial loss of his left arm during his employment with defendant Simmons. On August 29, 1966, a workmen's compensa-

tion hearing referee held that as of April 15, 1961, plaintiff had also lost the industrial use of his right arm, this loss being causally connected with his 1930 injury at Ford Motor Company. The referee held further that as of April 15, 1961 Mr. Buchau was "permanently and totally disabled," as that term is used in § 10(b)(7), former MCLA 412.10; MSA 17.160,[1] of the Workmen's Compensation Act. MCLA 412.9a; MSA 17.159(a) read in pertinent part as follows:

"Any permanently and totally disabled person as defined in sections 8a and 10 who, on or after June 25, 1955, is entitled to receive payments, of workmen's compensation under this act in amounts per week of less than is presently provided in the workmen's compensation schedule of benefits for permanent and total disability and for a lesser number of weeks than the duration of such permanent and total disability shall after the effective date of this amendatory act receive weekly, without application, from the second injury fund, an amount equal to the difference between what he is now receiving per week and the amount per week now provided for permanent and total disability with appropriate application of the provisions of paragraphs (b), (c), (d) and (e) of this section since the date of injury. Payments from this second injury fund shall continue after the period for which any such person is otherwise entitled to compensation under this act for the duration of such permanent and total disability according to the full rate provided in the schedule of benefits."

[1] The rights of the parties in workmen's compensation cases are determined by the law in effect as of the date of the injury. *Tarnow v Railway Express Agency,* 331 Mich 558; 50 NW2d 318 (1951). Benefits for "permanent and total disability" for "industrial loss of use of both arms" first came into the act in 1956. Although both injuries in this case were prior to that act, *Clark v Chrysler Corp,* 377 Mich 140; 139 NW2d 714 (1966) mandates that the 1956 Workmen's Compensation Act shall be controlling in this case. Therefore, statutory references by the Court to the Workmen's Compensation Act will refer to that act as it existed in 1956. These sections have since been repealed by 1969 PA 317, referred to as the Workmen's Compensation Act of 1969. Some of these statutory sections used by this Court in this opinion have been changed drastically in the new act.

MCLA 412.10; MSA 17.160 read in pertinent part as follows:

"Total and permanent disability, compensation for which is provided in section 9 hereof, means:

\*   \*   \*

"(7) Permanent and total loss of industrial use of both legs or both hands or both arms or 1 leg and 1 arm; for the purpose of this subsection (7) such permanency to be determined not less than 30 days before the expiration of 500 weeks from the date of injury."

In ruling on this case below, the Workmen's Compensation Appeal Board correctly interpreted § 9a, *supra,* when it stated:

"It will be noted that two basic requirements must be met before liability is imposed upon the Second Injury Fund by the above quoted proviso, i.e., 1) the injury must meet the definition of permanent and total disability as such term is defined in either Sec. 8a or 10b. 2) The employee must show that on or after June 25, 1955, he is entitled to receive payments of Workmen's Compensation under the Act in amounts per week of less than was then provided in the Act for permanent and total disability. In the instant case plaintiff was entitled to weekly compensation from his employer as a result of the 1955 injury in amounts less than was then provided for total and permanent disability. His rights to such compensation flowed from the fact that he had suffered the loss of use of the left arm and continued to be totally disabled. It can therefore be said that he has met one of the requirements which would qualify him for additional benefits from the Second Injury Fund. However, plaintiff must also show that his condition meets the definition of permanent and total disability as such term is defined in either Sec. 8a or 10b, *Verberg*,[2] supra. We noted above that the facts of this case do not fall within the specific requirements of the

[2] The Workmen's Compensation Appeal Board is referring to *Verberg v Simplicity Pattern Co,* 357 Mich 636; 99 NW2d 508 (1959).

provisions of Sec. 8a to impose liability upon the Second Injury Fund. Plaintiff asserts that the facts do fall within the provisions of Sec. 10b(7) * * * ."

The Workmen's Compensation Appeal Board denied benefits to this claimant based on the following rationale:

"In the matter of *Clark v Chrysler Corp,* 377 Mich 140 [139. NW2d 714 (1966)], the controlling holding of the Court referred to this requirement found in 10b(7) and held as follows:
" 'The second clause of subsection (7), added to section 10 by the 1956 amendment reads, "for the purpose of this subsection (7) such permanency (of loss of industrial use) to be determined not less than 30 days before the expiration of 500 weeks from the date of injury." That language, applicable only to subsection (7) and not to the other six subsections, effectively limits its application to future injuries and to only those prior injuries which occurred within 30 days less than 500 weeks before the effective date of the act, thus precluding resurrection of ancient claims.'
"30 days less than 500 weeks before the effective date of Act 195, PA 1956 was January 31, 1947. The facts presented in the instant case do not fall within the above interpretation placed upon Sec. 10b(7) by the Supreme Court. The injury suffered by plaintiff at Ford Motor Co occurred many years prior to January 31, 1947, and plaintiff had not suffered the industrial loss of use of his right arm prior to the effective date of Act #195 of 1956, nor prior to the March 4, 1955 injury which was the cause of the first loss which occurred."

In *Clark, supra,* the issue presented to this Court was whether or not § 10(b)(7) was to have any effect on injuries sustained prior to August 1, 1956, which prior to that date did not fall within the strict statutory definition of permanent and total disability. Mr. Buchau's 1955 injury is one of many such claims which, at the actual time of

injury, does not fall within the strict statutory definition of permanent and total disability. In deciding that injured parties who fell within the statutory definition of § 10(b)(7) as of August 1, 1956, or any time thereafter, because of industrial injury suffered prior to August 1, 1956, were entitled to permanent-total benefits as of that date, or any subsequent date, on which they met the requirements of that section, this Court was then asked to determine the amount of retroactivity of that section, which we did. In so doing, it was unnecessary for this Court to decide what effect the language of § 10(b)(7) was to have on claims based upon work related injuries which occurred after August 1, 1956 as that issue was not then before us. As all industrial injuries suffered by the claimant in this case took place prior to the 1956 amendment to the Workmen's Compensation Act, that issue is still not before this Court, and this opinion should not be so construed as to apply to post-1956 industrial injuries.

It is not disputed that Mr. Buchau is permanently and totally disabled as that term is defined by § 10(b)(7). He has lost the industrial use of both arms. It is also not disputed that as of June 25, 1955, Mr. Buchau was currently receiving total disability benefits from his employer, Simmons, as a result of his 1955 injury, or that his employer Simmons did not pay him the statutory maximum of 500 weeks of benefits.

As noted by the Workmen's Compensation Appeal Board, the parties are in agreement that Mr. Buchau satisfies one-half of the tests set forth by § 9a. However, the appellee would have us read the latter part of § 10(b)(7) as follows:

"for the purpose of this subsection (7) such permanency [of industrial use] to be determined not less than 30

days before the expiration of 500 weeks from the date of injury"

as requiring, as did the Workmen's Compensation Appeal Board, that not one, but both injuries in cases of this type fall within the confines of our *Clark* holding.

This Court must now determine, within the confines of our *Clark* decision, to what date or dates of injury the phrase "date of injury", as contained in § 10(b)(7), refers.

The language of § 9a, quoted *supra,* is very clear. There is no doubt that the injury which § 9a refers to is the injury for which the workman is currently receiving workmen's compensation after June 25, 1955, although the actual injury date was prior to June 25, 1955. Section 10 states:

"Total and permanent disability, compensation for which is provided in section 9 hereof, means:"

Section 10(b)(7) then continues and uses the same words as used in § 9, "date of injury". For this Court to hold that § 9 and § 10 deal with different "dates of injury" would strain the statutory construction. It is quite evident from the language of the statutes that they refer to the same "date of injury". This injury date is the one for which the injured workman is currently receiving workmen's compensation benefits.

In *Whitt v Ford Motor Co, supra,* this Court held that for an injured workman to be entitled to workmen's compensation benefits for permanent and total disability, the "second injury" must arise out of and during the course of his employment. The parties are in disagreement in this case as to which is the true "second injury". They would like the answer to this question to be determined not

by the actual date of injury, but by the date upon which the disability from that injury first made itself known. In this case, however, the answer to the question is irrelevant. *Both* injuries in this case were work related. The mandate of *Whitt, supra,* is satisfied.

Our *Clark* holding is hereby modified to provide that the date of accident, for which an injured workman is receiving or is entitled to receive workmen's compensation benefits after June 25, 1955, must have occurred either on or after January 31, 1947. Mr. Buchau's 1955 injury falls within this time span and he is otherwise qualified for permanent and total workmen's compensation benefits. These benefits are to be paid by the Second Injury Fund.

The Workmen's Compensation Appeal Board is reversed, and the case is remanded to that Board for entry of an award not inconsistent with this opinion.

SWAINSON and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.

M. S. COLEMAN, J. *(concurring).* I would reverse the decision of the Workmen's Compensation Appeal Board and award plaintiff compensation from the Second Injury Fund. (I do not, however, base this decision on provisions relied upon by the majority.) Although there is agreement with the result of the opinion of the Chief Justice, there is disagreement as to the reasoning.

## FACTS

The facts are adequately detailed in the opinion of Chief Justice T. M. KAVANAGH. However, I spe-

cifically note this portion of the Appeal Board's opinion citing certain

"concessions of the Second Injury Fund and the prior factual holdings of the Referee which were left uncontested on review there now can be only one finding and that is that the loss of plaintiff's right arm is traceable to an injury which arose out of and in the course of his employment with Ford Motor Co. in 1930. Ford Motor Co. was subject to the provisions of the Compensation Statute which were in effect in 1930."

I accept such a finding for purposes of this opinion only.

### MCLA 412.10(b); MSA 17.160(b)

Plaintiff seeks compensation under the provisions of MCLA 412.9(a); MSA 17.159(a). As applicable that section provided that determinations of permanent and total disability were to be made in accordance with definitions contained in MCLA 412.8a; MSA 17.158(1) and MCLA 412.10(b); MSA 17.160(b).

The latter provision reads in part:

"Total and permanent disability, compensation for which is provided in section 9, means:

\* \* \*

"(7) Permanent and total loss of industrial use of both legs or both hands or both arms or 1 leg and 1 arm; for the purpose of this subsection (7) such permanency to be determined not less than 30 days before the expiration of 500 weeks from the date of injury."

Plaintiff's present condition results from the effects of two separate injuries. His right arm was injured in 1930 but it remained industrially useful until 1961. In 1955 plaintiff's left arm was injured and rendered permanently industrially useless.

Under applicable law, plaintiff's compensation for the 1955 injury extended 500 weeks. At the end of that period he filed an application for further benefits claiming he was permanently and totally disabled. The referee found that plaintiff's right arm became industrially useless on April 15, 1961. Such result was attributed solely to the 1930 injury.

The opinion of my colleague assumes that a decision in this matter depends upon the interpretation of MCLA 412.10(b)(7). I do not believe that section is applicable.

It is my contention that any disability regarded as total and permanent under § 10(b)(7) must result from one injury and not successive injuries. Section 9, which relies in part upon the definition in § 10(b)(7) speaks of the worker's "injury" and "the date of injury". Section 10(b)(7) speaks of "the date of injury".

A review of cases demonstrates that § 10(b)(7) should be applied to a disability resulting from a single work-related accident. See our recent decisions in *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96; 214 NW2d 794 (1974) (effects of back injury possibly resulting in industrial loss of the use of legs) and *Burke v Ontonagon Road Commission,* 391 Mich 103; 214 NW2d 797 (1974) (effects of injury to one leg resulting in permanent and total loss of industrial use of both legs). Also see *Louagie v Merritt Chapman & Scott,* 382 Mich 274; 170 NW2d 13 (1969).

In *Clark v Chrysler Corp,* 377 Mich 140; 139 NW2d 714 (1966), plaintiff suffered an industrial accident resulting in the amputation of his left hand and the thumb, index and middle fingers of his right hand. He received compensation for the specific loss of each hand. This Court said that

subsequent to the payments for the specific losses, plaintiff was entitled to benefits for being permanently and totally disabled. Also see *Goss v Top O'Michigan Rural Electric Co,* 34 Mich App 454; 191 NW2d 491 (1971).

The plaintiff in *Paulson v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963) was injured in an automobile accident which occurred in the course of his employment. An ultimate result was that the worker experienced substantial internal pain whenever he stood up or walked. The Court rejected the employer's argument that § 10(b)(7) required a direct injury to the legs and said plaintiff's "disability would seem fairly within the scope of the statute". Also see *Lockwood v Continental Motors Corp and Second Injury Fund,* 27 Mich App 597; 183 NW2d 807 (1970).

The Court in *Springer v Reed Foundry & Machine Co,* 346 Mich 11; 77 NW2d 252 (1956) noted that no question was raised "but that plaintiff is permanently and totally disabled due to an injury sustained on December 24, 1943". The injury resulted from inhaling coke gas. As a result, he became insane. Also see *Edwards v Michigan Light Alloys Corp,* 346 Mich 169; 77 NW2d 567 (1956).

In *Rench v Kalamazoo Stove & Furnace Co,* 286 Mich 314; 282 NW 162 (1938), the plaintiff sustained an injury while operating a punch press. He lost both thumbs, two fingers of his right hand and three fingers of his left. After a review of cases discussing loss of industrial use, the Court agreed that plaintiff was permanently and totally disabled. Also see *Rupp v Hutter Construction Co,* 288 Mich 105; 284 NW 662 (1939).

The plaintiff in *Dubey v Brunswick Lumber Co,* 272 Mich 445; 262 NW 284 (1935) was struck in the left eye, lost his vision and was compensated.

He subsequently lost the sight of his right eye. This loss resulted from the previous injury to the left eye. This Court affirmed an order which found the worker permanently and totally disabled. Compare cases discussed in my dissent in *Hilton v Oldsmobile Division of General Motors Corp*, 390 Mich 43; 210 NW2d 316 (1973).

These cases indicate that § 10(b)(7) is concerned with total and permanent disability which results from a single work-related incident.

Further textual support for this interpretation of § 10(b)(7) is found in MCLA 412.10(c); MSA 17.160(c) which reads:

"The amounts specified in this clause are all subject to the same limitations as to maximum and minimum as above stated. In case of the loss of 1 member while compensation is being paid for the loss of another member, compensation shall be paid for the loss of the second member for the period herein provided, payments to begin at the conclusion of the payments for the first member."

Only § 10(a) specifies amounts to be paid and prescribes limitations. Section 10(c) provides for payment of compensation when one member is lost while compensation is being paid for a prior loss of a member. The Legislature, by specifically providing payment for the results of successive injuries, indicated that such are not covered by § 10(b)(7).

### *MCLA 412.8a; MSA 17.158(1)*

This does not mean that a worker rendered totally and permanently disabled by successive injuries is without remedy. In MCLA 412.8a; MSA 17.158(1) the Legislature provided:

"If an employee has at the time of injury permanent

disability in the form of the loss of a hand or arm or foot or leg or eye and at the time of such injury incurs further permanent disability in the form of the loss of a hand or arm or foot or leg or eye, he shall be deemed to be totally and permanently disabled and shall be paid, from the funds provided in this section, compensation for total and permanent disability after subtracting the amount of compensation received by the employee for both such losses. The payment of compensation under this section shall begin at the conclusion of the payments made for the second permanent disability. Such payment shall be made upon the order of the department."

This dovetails with the language of § 10(c) as payment for the total and permanent disability do not begin until "the conclusion of the payments made for the second permanent disability."

The Appeal Board did not believe that the requirements of § 8a were satisfied. Such a decision does not under the facts of this particular case coincide with either the spirit or intent of the law.

Mr. Buchau has been twice injured while in the course of his employment. One injury resulted in the loss of the use of his right arm. The other resulted in the loss of the use of his left arm. The sum of these results equals total and permanent disability under § 8a. I believe that the Legislature clearly intended that section to encompass cases such as plaintiff's. It is logically inconsistent to deny him benefits because the arthritic condition resulting from the prior broken bone did not completely disable the right arm until 1961 and after the second injury.

The broad language used in § 8a and subsequently the even broader language used in the 1969 Workmen's Compensation Act and specifically in the provisions for the Second Injury Fund now appearing as MCLA 418.521; MSA 17.237(521)

lead me to interpret the provision in the light most favorable to the plaintiff. The intent was to compensate workmen for successive injuries which leave them totally and permanently disabled. To hold that plaintiff does not qualify because the first injury was not permanently disabling until after the second would promote inflexibility and deny legislative intent.

In § 2.20 of his treatise on *Workmen's Compensation Law,* Larson says the social philosophy behind such laws

"is the desirability of providing, in the most efficient, most dignified, and most certain form, financial and medical benefits which an enlightened community would feel obliged to provide in any case in some less satisfactory form, and of allocating the burden of these payments to the most appropriate source."

See *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783 (1970), *Wilson v Doehler-Jarvis, Division of National Lead Co,* 358 Mich 510; 100 NW2d 226 (1960) and *Crilly v Ballou,* 353 Mich 303; 91 NW2d 493 (1958).

I believe Mr. Buchau is entitled to compensation for his total and permanent disability under the provisions of §§ 8a and 9a. I would remand to the Workmen's Compensation Appeal Board for entry of the appropriate award.

The 1969 act also provides in subsection (3):

"Any person who prior to July 1, 1968, has been receiving or is entitled to receive benefits from the second injury fund pursuant to any prior provisions of the workmen's compensation law shall continue to receive or be entitled to receive such benefits from such fund * * * ."

Plaintiff was entitled to receive compensation

from the Second Injury Fund. Under the facts of this case, payments should be made solely from the fund.

I would reverse and remand to Workmen's Compensation Appeal Board for entry of an award not inconsistent with this opinion.

T. G. KAVANAGH, LEVIN, and J. W. FITZGERALD, JJ., did not sit in this case.